IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JERRY W. HUDSON (#00029917) | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-3704 |
| | § | |
| HARRIS COUNTY SHERIFF'S DEPARTMENT, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Plaintiff Jerry Wayne Hudson, a county jail inmate proceeding *pro se* and *in forma pauperis*, brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights. After reviewing all of the pleadings as required by 28 U.S.C. § 1915A(a), the Court concludes that this case must be **dismissed** for reasons that follow.

**I.    BACKGROUND**

Hudson is presently in custody at the Harris County Jail. Hudson alleges that, while in custody, he was given a skin test for tuberculosis. Two days after the test was administered his arm began "to itch." Three days later, "the itch turned into a sore." Hudson was prescribed medication for tuberculosis. Hudson complains that he must have contracted the disease at the Harris County Jail.

Hudson sues the Harris County Sheriff's Department, seeking compensatory damages for "mental depression" caused by the injury that he sustained as the result of the

tuberculosis test. The Court concludes, however, that Hudson's complaint must be dismissed for reasons discussed below.

## II.   STANDARD OF REVIEW

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"). Because the plaintiff is a prisoner who proceeds *in forma pauperis*, the PLRA requires that the district court scrutinize the basis of the complaint and, if appropriate, dismiss the case at any time if the court determines that the complaint "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also* 42 U.S.C. § 1997e(c) and 28 U.S.C. § 1915A(b). In conducting that analysis, a prisoner's *pro se* pleadings are reviewed under a less stringent standard than those drafted by attorneys and are entitled to a liberal construction that includes all reasonable inferences which can be drawn from them. *See Haines v. Kerner*, 404 U.S. 519 (1972); *Alexander v. Ware*, 714 F.2d 416, 419 (5th Cir. 1983).

"A district court may dismiss as frivolous the complaint of a prisoner proceeding IFP if it lacks an arguable basis in law or fact." *Geiger v Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A review for failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome*

*v. EEOC*, 301 F.3d 227, 231 (5th Cir.) (citing *Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999) (citation omitted)), *cert. denied*, 537 U.S. 1049 (2002). Under that standard, courts must assume that the plaintiff's factual allegations are true, and a dismissal is proper only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations. *See id*. (citations omitted).

### III.  DISCUSSION

#### A.  Legal Capacity

The only defendant referenced in the complaint is the Harris County Sheriff's Department. A party to a lawsuit must have the capacity to sue or be sued. *See* FED. R. CIV. P. 17; *see also Maxwell v. Henry*, 815 F. Supp. 213, 215 (S.D. Tex. 1993). In Texas, a county sheriff's department is not a legal entity capable of being sued, "absent express action by the superior corporation (the county, in the case of the sheriff's department) 'to grant the servient agency with jural authority.'" *Jacobs v. Port Neches Police Dep't*, 915 F. Supp. 842, 844 (E.D. Tex. 1996) (quoting *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991)). Courts in this district have repeatedly recognized that the Harris County Sheriff's Department is an entity that lacks legal capacity to be sued.[1] *See, e.g., Potts v. Crosby Indep. Sch. Dist.*, Civil Action No. H-04-2852, 2005 WL 1527657 (S.D. Tex. June

---

[1] Even under a liberal construction, any claim against Harris County fails because the pleadings demonstrate only an isolated incident that is not sufficient to show the existence of an improper policy or custom for purposes of establishing municipal liability. *See Oklahoma City v. Tuttle*, 471 U.S. 808, 820 (1985); *Bennett v. City of Slidell*, 728 F.2d 762, 768 n. 3 (5th Cir. 1984) (en banc).

28, 2005); *Perez v. Harris County District Attorney's Office, et al.*, Civil Action No. H-02-3226 (S.D. Tex. Oct. 2, 2002); *Okafor v. Houston Police Department, et al.*, Civil Action No. H-99-1994 (S.D. Tex. Dec. 26, 2000). Because the Harris County Sheriff's Department lacks the requisite legal capacity, the plaintiff's claims against this entity must be dismissed.

**B.     Exhaustion**

Alternatively, Hudson's complaint fails because the complaint shows that he has not exhausted his claims by pursuing the grievance procedure available at the Jail. (Docket Entry No. 1, ¶ III). This suit is governed by the Prison Litigation Reform Act (the "PLRA"). The PLRA prohibits any action by a prisoner in federal court under 42 U.S.C. § 1983 concerning "prison conditions" until "such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In *Booth v. Churner*, 532 U.S. 731, 741 (2001), the United States Supreme Court held that § 1997e(a) mandates exhaustion of *all* administrative procedures before an inmate can file suit in federal court. The Fifth Circuit has emphasized that "[q]uibbles about the nature of a prisoner's complaint, the type of remedy sought, and the sufficiency or breadth of prison grievance procedures were laid to rest in *Booth*." *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). *See also Porter v. Nussle*, 534 U.S. 516 (2002) (holding that the PLRA requires exhaustion of all claims brought by prisoners concerning prison conditions, including those involving the use of excessive force); *Clifford v. Gibbs*, 298 F.3d 328, 330 (5th Cir. 2002) (holding that *Porter* squarely precludes an unexhausted failure-to-protect claim).

By failing to exhaust administrative remedies, a prisoner deprives prison administrators of the benefits intended by 42 U.S.C. § 1997e(a). The Supreme Court has recognized that Congress enacted the exhaustion requirement found in § 1997e(a) to allow prison officials the time and the opportunity to investigate and address complaints internally. *Porter*, 534 U.S. at 525; *see also Prieser v. Rodriguez*, 411 U.S. 475, 492 (1973) ("Since [the] internal problems of state prisons involve issues so peculiarly within state authority and expertise, the States have an important interest in not being bypassed in the correction of those problems."). By requiring a prisoner to comply with grievance procedures, prison officials may be able to take corrective action, resolving the grievance without resort to federal court. *Porter*, 534 U.S. at 525. Administrative review further serves to filter out frivolous claims or, in the event of a federal case, allows prison officials the opportunity to develop an administrative record to facilitate adjudication of that case. *See id.*

Exhaustion is mandatory, irrespective of the forms of relief sought and offered through administrative avenues. *Porter*, 534 U.S. at 524; *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003). As the Fifth Circuit has repeatedly emphasized, this means that a prisoner must exhaust his administrative remedies *before* filing suit. *See Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004); *Wendell v. Asher*, 162 F.3d 887, 890-91 (5th Cir. 1998). The plaintiff does not demonstrate that he exhausted his administrative remedies with respect to the claims raised in this case. Because it appears from the pleadings that the plaintiff has failed to exhaust available administrative remedies before filing suit in federal court, his complaint must be dismissed. *See Wright*, 260 F.3d at 359.

## IV. **CONCLUSION**

Based on the foregoing, the Court **ORDERS** as follows:

1. The plaintiff's complaint against the Harris County Sheriff's Department is **DISMISSED** with prejudice, under 28 U.S.C. § 1915(e)(2)(B), for failure to state a claim.

2. All other claims are dismissed without prejudice for failure to exhaust.

**The Clerk is directed to provide copies of this order to the parties; to the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; to the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas, 77342-0629, Fax Number (936) 437-4793; and to the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Betty Parker.**

SIGNED at Houston, Texas, on **December 7, 2005.**

_____
Nancy F. Atlas
United States District Judge